**STAVIS IPSWICH CLAM CO., E. P. Melanson, Ltd., and Valle's Congress Street**

v.

**Ronald W. GREEN.**

Supreme Judicial Court of Maine.

Jan. 9, 1968.

Sumner T. Bernstein, Portland, for appellants.

Leon V. Walker, Jr., Asst. Atty. Gen., Augusta, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

MARDEN, Justice.

This is a petition for declaratory judgment under the provisions of 14 M.R.S.A. § 5951 et seq., upon pleadings presented under the provisions of Rule 8(g) M.R. C.P. Stavis Ipswich Clam Co. (Stavis) is a Massachusetts corporation with a place of business in that State engaged in sales in interstate commerce of lobster meat removed from the shell. It has no place of business in the State of Maine. E. P. Melanson, Ltd. (Melanson) is a Canadian corporation with a place of business in New Brunswick, engaged in the removal of lobster meat from the shell for sale in Canada, the United States, and elsewhere. It has no place of business in the State of Maine. Valle's Congress Street (Valle) is a Maine corporation with its principal place of business in Portland, Maine, and operates as a Restaurant. The defendant Green is the Commissioner of Sea and Shore Fisheries, charged with administra-

tion and enforcement of the sea and shore fisheries laws, including those laws dealing with the merchandising of lobsters and lobster meat.

Both Stavis and Melanson desire access to the Maine market for the sale of lobster meat removed from the shell. Valle desires to purchase such meat.

Title 12 M.R.S.A. has to do with sea and shore fisheries and allied subjects and the sections hereinafter designated are under that title of the statutes.

Section 4402, subsection 4, states:

"It is unlawful for any person, firm or corporation to ship, transport or possess any lobster meat which has been removed from the shell for sale unless the meat was removed from the shell by the holder of a permit provided in this section."

There are certain cited exceptions not here pertinent.

The same section earlier provides (subsection 1) that:

"It is unlawful for any person, firm or corporation to remove lobster meat from the shell for sale without a current permit issued by the commissioner, * * *."

The section also provides for permits subject, however, to certain limitations (subsection 2) among which is that the lobster meat must be removed from the shell at the permittee's place of business as stated in the permit, and that the meat must come from legal sized lobsters.

The same section, subsection 3, entitles the permittee:

"(T)o sell, to transport within the State, to ship anywhere, or to have in his possession lobster meat, when and where it is otherwise lawful to do so, subject to the following provisions:

*A.* The meat must come from legal sized lobsters.

*B.* The meat must conform to section 4455. (Prescribing size of lobster tail sections).

*C.* The meat must be kept in marked containers as provided in section 4454."

Section 4454 provides that containers enclosing lobster meat which has been removed from the shell for sale must be labelled with the name of the permittee and his permit number, and (subsection 1) makes it unlawful for any person, firm or corporation, "to possess, ship or transport any lobster meat removed from the shell for sale unless the container" is so labelled, provided, however (subsection 6), that the holder of a wholesale seafood dealer's and processor's license (provided for in Section 4302) "may possess lobster meat from other states and countries in containers which have not been marked as provided in this section if he meets all the requirements of section 4456, subsection 2."

Section 4456 defines "Foreign lobster meat" as "lobster meat which came from any other state or country" and further provides (subsection 2) that the holder of a wholesale seafood dealer's and processor's license "may possess foreign lobster meat which is removed from the shell, subject to the following provisions:

* * * * * *

"*B.* The meat must be possessed for the purpose of canning or freezing it for resale as processed stews, newburgs, chowders or pies in the retail trade.

"*C.* The meat may not be resold unless it is so processed."

Other provisions are not here pertinent.

Stavis applied to the Department of Sea and Shore Fisheries (Department) for a permit to remove lobster meat from the shell at a location in Massachusetts. The Commissioner denied the application stating that "all lobster meat must be removed from the shell at a fixed place of business within the State of Maine."

Melanson has been informed that its lobster meat cannot be sold (except as processed under section 4456, subd. 2 paragraph B) in the State of Maine unless it obtains a license to remove the lobster meat from the shell, and that no license will be issued for such operation at a location in Canada.

In early 1965, Stavis instituted an action against Green, in the United States District Court for the District of Maine, under the provisions of 28 U.S.C.A. §§ 2281, 2283 and 2284, in which the following issues were raised.

"I. 12 M.R.S. Sec. 4456 insofar as it limits the purposes for which foreign lobster meat may be imported and possessed is unconstitutional and void.

A. The exclusion of foreign lobster meat from the State of Maine violates Article I, Sec. 8, Cl. 3 of the United States Constitution because: (1) The Federal Government has preempted the field of regulation of traffic in Canadian lobster meat, and (2) the exclusion creates an unjustified and unreasonable barrier to the Interstate ·Commerce.

B. The exclusion of foreign lobster meat from the Maine market violates the privileges and immunities clause of the United State— Constitution because Stavis and others similarly situated are prevented from competing with local industry on terms of substantial equality.

"II. A. The refusal to issue permits for the removal of lobster meat from the shell at location outside Maine violates Article I, Sec. 8, Cl. 3 of the United States Constitution because it operates as a barrier to the importation of foreign lobster meat for most purposes.

B. The refusal ·of the Department of Sea and Shore Fisheries to issue licenses for the removal of lobster meat from the shell at locations outside the State of Maine violates the privileges and immunities clause of the United State— Constitution."

Pending the proceeding in the Federal District Court, that Court exercised the doctrine of Abstention on the ground that the reference sections 4402, 4454, 4455, and 4456 of the Maine statutes had not been construed by the Maine Court, that upon construction, constitutional issues might be obviated, and that further proceedings before that Court should be stayed until such construction was solicited.

The Order of Abstention was executed March 21, 1967.

Upon the same date the parties prepared the statement and complaint under Rule 8(g) M.R.C.P. for the purpose of procuring construction of the Maine statute, expressly reserving in Paragraph 24 thereof, the constitutional issues "for determination by the Courts of the United States in the event that the contentions" of plaintiffs are not sustained.

The contentions of plaintiffs are as follows:

"Stavis, Melanson and Valle contend that 12 M.R.S. Sec. 4456 does not, of itself, forbid the importation, transportation, sale or possession of foreign lobster meat, so-called, into the State of Maine, nor impose any limitations thereon except as specifically set forth therein. Green contends that foreign lobster meat may not be imported, transported, sold or possessed within this State except for those purposes,· and under those conditions, specifically enumerated in 12 M. R.S. Sec. 4456.

"Stavis, Melanson and Valle contend that, no other provision of the Sea and Shore Fisheries Law forbids the sale, importation, transportation, shipment, or possession of foreign lobster meat as such, i. e., solely because of its source.

"Stavis, Melanson and Valle contend that, neither 12 M.R.S. Sec. 4402 nor

other provisions of the Sea and Shore Fisheries Law permits or requires the adoption by Green of a policy of refusing to issue permits for the removal of lobster meat from the shell at fixed locations outside the State of Maine such as the places of business of Stavis and Melanson, solely on the basis of such location. Green contends that his policy is authorized and correct."

Plaintiffs' express reservation of constitutional questions, properly kept the door of the Federal Court open to them, but in submitting the Petition for Declaratory Judgment to this Court, the parties resorted to the conventional agreement and order for report of action under Rule 72 M.R.C.P. reading as follows:

"All of the parties agreeing hereto, it is stipulated that this action may be reported to the Supreme Judicial Court sitting as the Law Court upon the statement and complaint (under Rule 8(g)) for such *final decision* as the rights of the parties may require." (emphasis added)

The Order of Report executed by the Superior Court also reads:

"(T)hat this action be reported to the Supreme Judicial Court sitting as the Law Court which Court shall upon the statement and complaint under Rule 8(g) render *such decision as the rights of the parties require."* (emphasis added)

Such submission is equivocal, see England et al. v. Louisiana State Board of Medical Examiners et al., 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), and under such circumstances this Court might feel justified in adjudicating all merits involved, particularly if a consideration of such merits were necessary in order to comply with the limited submission, but this being the first case submitted under the Abstention doctrine and it being clear that the 3 Judge Federal Court, by its order, retained jurisdiction of the cause and the constitutional issue being neither briefed nor argued, we accept the case, so postured.

Our consideration, therefore, is limited to the construction of the reference statutes, apart from the ultimate issue, which is whether the interpretation about to be placed on these statutes violates constitutional rights of any of the plaintiffs.

Specifically the plaintiffs pray judgment:

"1. Declaring whether or not 12 M.R.S. Secs. 4454, 4455, 4456, or 4402 (with the exception of the limitations specifically contained therein), or any other section of the laws of the State of Maine, restrict or forbid the possession, importation, processing, sale, shipment, or transportation in the State of Maine of foreign lobster meat so long as such lobster meat complies with the size requirements imposed by the Sea and Shores Fisheries Laws of this State;

"2. Declaring whether or not the refusal of Green to issue permits for the removal of lobster meat from the shell at the fixed places of business of Stavis and Melanson, because they are located outside the State of Maine, is permitted or required under the provisions of 12 M.R.S. Sec. 4402 or any other section of the Sea and Shore Fisheries Law of Maine; and

"3. Making such further declarations of the law as the case requires."

■ *Answer to Paragraph 1.* The defendant in his brief concedes that except for sections 4454, 4455 and 4456, there are no statutes relating to the transportation, possession or sale of foreign lobster meat. We amplify that to state that except for 12 M.R.S.A. Sections 4402, 4454, 4455 and 4456, with the *limitations specifically contained therein* there is no law in Maine which restricts or forbids the possession, importation, processing, sale, shipment, or transportation in the State of Maine of foreign lobster meat of legal size as fixed by section 4455.

The key phrase is that referring to "the limitations specifically contained therein." The holder of a wholesale seafood dealer's and processor's license may possess lobster meat received in unlabelled containers from other states and countries, but only for the purpose of canning or freezing it for resale as processed stews, newburgs, chowders or pies in the retail trade.

*Answer to Paragraph 2.* The refusal of the defendant Commissioner to issue permits for the removal of lobster meat from the shell at places of business of Stavis and Melanson, because such places of business are outside the State of Maine, is permitted, but not required, under Section 4402, or any other section of the Sea and Shore Fisheries Law of Maine, not only because the fixed places of business of the applicants' are outside the State of Maine, but the overriding principle that such licenses, if issued, can have no extraterritorial effect. The statutory licensing authority "can only operate, proprio vigore, upon persons and things within the territorial jurisdictions" of the licensing power, and no license has any effect, of its own force, "beyond the territorial limits of the sovereignty from which its authority is derived." 50 Am. Jur., Statutes § 485. See also State of California v. Copus (1958) 158 Tex. 196, 309 S.W.2d 227, [1–3] 229, cert. den. 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074.

So ordered.

WEBBER, Justice (concurring).

I concur with the opinion of the Court with respect to its "Answer to Paragraph 1" as far as it goes. I am fully in accord with the "Answer to Paragraph 2." My concern is that the first answer may be incorrectly construed as expressing the view of this Court that the "limitations specifically contained therein," referred to in the answer, are valid and enforceable in their entirety. I have in mind particularly the provisions of 12 M.R.S.A. Secs. 4454 and 4456 which have the effect of excluding from the Maine market fresh lobster meat removed from the shell outside of Maine but possessed and intended for sale in Maine as fresh unprocessed lobster meat. The "Answer to Paragraph 2" makes it abundantly clear that a non-resident cannot obtain the permit from the Commissioner without which he cannot hope to comply with the provisions of 12 M.R.S.A. Sec. 4454. The effect, whether intended or not, is to create a monopoly of the market for Maine residents. Such an obstruction to interstate commerce is clearly in violation of U.S.Const., Art. I, Sec. 8. Polar Ice Cream & Creamery Co. v. Andrews, (1964) 375 U.S. 361, 84 S.Ct. 378, 11 L.Ed.2d 389; Baldwin v. G. A. F. Seelig, Inc., (1935) 294 U.S. 511, 55 S.Ct. 497, 79 L.Ed. 1032; Voight v. Wright, (1891) 141 U.S. 62, 11 S.Ct. 855, 35 L.Ed. 638; Brimmer v. Rebman, (1891) 138 U.S. 78, 11 S.Ct. 213, 34 L.Ed. 862. I recognize that my associates have not expressed a contrary view but have treated the constitutional issue as reserved for decision in the Federal Courts. In my view, however, this Court cannot properly interpret statutes or declare rights thereunder without taking into account the fact that some of the statutory provisions under consideration are clearly invalid and unenforceable for constitutional reasons. I would further amplify the "Answer to Paragraph 1" by stating that the requirements of 12 M.R.S.A. Sec. 4454 with respect to labeling and of Sec. 4456 insofar as it precludes possession and sale are void and of no effect as applied to fresh lobster meat removed from the shell outside of Maine.

DUFRESNE, Justice.

I join in the within separate concurring opinion of WEBBER, J.