**STAVIS IPSWICH CLAM CO., a Massachusetts Corporation, of Boston in the County of Suffolk, and Commonwealth of Massachusetts, Plaintiff,**

v.

**Ronald W. GREEN, Commissioner of Maine Department of Sea and Shore Fisheries, Defendant.**

**Civ. A. No. 8–125.**

United States District Court
D. Maine, S. D.

March 28, 1968.

Sumner T. Bernstein, Portland, Me., for plaintiff.

Leon V. Walker, Jr., Asst. Atty. Gen., Augusta, Me., for defendant.

Before ALDRICH and COFFIN, Circuit Judges, and GIGNOUX, District Judge.

## OPINION

GIGNOUX, District Judge.

This action was brought under 28 U.S.C. § 2201 et seq. (1964) for a declaratory judgment that certain statutes of the State of Maine regulating the transportation, possession and sale of lobster meat within the state are unconstitutional and void insofar as they apply to the plaintiff, and for an order enjoining the defendant from enforcing these statutes against the plaintiff. As required by 28 U.S.C. § 2281 (1964), a three-judge District Court has been convened to hear the case.

The statutory provisions involved are Sections 4402, 4454 and 4456 of the Maine Sea and Shore Fisheries Laws. 12 M.R.S.A. §§ 4402, 4454 and 4456 (1964). Section 4402 provides for the licensing of persons, firms and corporations to remove lobster meat from the shell for sale, and forbids the shipment, transportation or possession of lobster meat removed from the shell for sale unless the meat was removed from the shell by a permit holder.[1] Section 4454 requires that containers of lobster meat removed from the shell for sale must be labelled with the name and number of the permittee licensed under Section 4402, and prohibits, with limited exceptions, the possession, shipment or transportation of lobster meat removed from the shell for sale in containers which are not so labelled.[2] Section 4456 provides

---

1. 12 M.R.S.A. § 4402 provides:

§ 4402. *Removal of lobster meat from shell*

It is unlawful for any person, firm or corporation to remove lobster meat from the shell for sale without a current permit issued by the commissioner, except as provided in this section:

1. *Dealer may obtain permit; fee.* Any person, firm or corporation licensed as a dealer under sections 4302 or 4303 may be granted a permit to remove lobster meat from the shell upon written application to the commissioner and the payment of a fee of $10.

2. *Permittee may remove meat from shell with limitations.* The permit entitles the holder to remove lobster meat from the shell subject to the following provisions:

A. It is unlawful to remove the meat from the shell at any place other than the permittee's place of business as stated in the permit.

B. The meat must come from legal sized lobsters.

C. Tail sections of lobster meat must be removed from the shell whole and intact.

3. *Permittee may sell, transport, ship, possess meat with limitations.* The permit entitles the holder to sell, to transport within the State, to ship anywhere, or to have in his possession lobster meat, when and where it is otherwise lawful to do so, subject to the following provisions:

A. The meat must come from legal sized lobsters.

B. The meat must conform to section 4455.

C. The meat must be kept in marked containers as provided in section 4454.

4. *Unlawful to ship, transport or possess lobster meat not removed under permit; exceptions.* It is unlawful for any person, firm or corporation to ship, transport or possess any lobster meat which has been removed from the shell for sale, unless the meat was removed from the shell by the holder of a permit provided in this section.

A. This subsection does not apply to a common carrier nor to meat passing through this State under the authority of laws of the United States.

5. *Exception for hotels and restaurants.* No permit is required to remove lobster meat for serving in hotels and restaurants, provided the meat is removed on the premises, and lobster meat which has been removed from the shell in a hotel or restaurant for serving on the premises may be legally possessed by the hotel or restaurant.

6. *Prima facie evidence meat removed for sale.* If any lobster meat which has been removed from the shell is found on the premises of any place of business which is engaged in the selling, serving, processing or transporting of food in any form for human consumption, it is prima facie evidence that the meat was removed for sale.

2. 12 M.R.S.A. § 4454 provides:

§ 4454. *Shipping lobsters in unlabeled containers*

All barrels, boxes or other containers containing lobster meat which has been removed from the shell for sale must be plainly labelled with the name of the permittee and with the words "Lobster Meat Removed Under Permit Number," followed by the number of the permit under which the lobster meat was removed.

1. *Shipping, transporting or possession of unmarked containers illegal.* It is unlawful for any person, firm or corporation, except as provided in this section, to possess, ship or transport any lobster meat removed from the shell for sale unless the container is labelled as provided in this section.

2. *Prima facie evidence meat removed for sale.* If more than 10 pounds of lobster meat which has been removed from the shell is found in any motor vehicle or in any boat or airplane, or if any amount of lobster meat which

that holders of wholesale seafood dealers' and processors' licenses may possess foreign lobster meat (defined as lobster meat which came from any other state or country) for the purpose of processing the meat into stews, newburgs, chowders or pies for the retail trade.[3]

The plaintiff, Stavis Ipswich Clam Co., is a Massachusetts corporation engaged in the packing and distribution of fresh seafood, notably lobster meat, at its business location in Massachusetts. The defendant, Ronald W. Green, is Commissioner of the Department of Sea and Shore Fisheries of the State of Maine, and is charged with enforcement of the statutory provisions in question. The plaintiff obtains large quantities of lobsters from Canada, removes the meat from the shells at its place of business in Massachusetts, and ships the lobster meat to customers in various other states for use or resale. It wishes to sell lobster meat to customers within Maine, and has applied to the defendant for a permit under Section 4402 to remove lobster meat from the shell at its place of business in Massachusetts. A permit has been denied on the sole ground that the plaintiff's meat removal operation is not carried on at a fixed location within the State of Maine.

In the present action plaintiff contends that if a non-resident processor cannot obtain a permit under Section 4402, the effect of that statute and of Sections 4454 and 4456 is to exclude foreign lobster meat from the Maine market for all purposes other than for processing into stews, newburgs, chowders or pies, in violation of the Commerce Clause (Art. 1, Sec. 8) and the Equal Protection and Privileges and Immunities Clauses of the Fourteenth Amendment to the United States Constitution. Plaintiff also urges that the Federal Government

---

has been removed from the shell is found in any place of business which is engaged in the selling, serving, processing or transporting of food in any form for human consumption, it is prima facie evidence that the lobster meat was removed for sale.

3. *Exception for hotels and restaurants.* Lobster meat which has been removed from the shell in a hotel or restaurant immediately prior to and for the purpose of consumption on the premises need not be labelled as provided in this section, and the same may be legally possessed at the hotel or restaurant.

4. *Exception for meat passing through State.* This section does not apply to lobster meat passing through this State under laws of the United States.

5. *Exception for some foreign canned meat.* This section does not apply to lobster meat which has been canned beyond the limits of this State in hermetically sealed containers which do not require refrigeration.

6. *Exception for holder of wholesale seafood dealer's and processor's license.* The holder of a wholesale seafood dealer's and processor's license may possess lobster meat from other states and countries in containers which have not been marked as provided in this section if he meets all the requirements of section 4456, subsection 2.

3. 12 M.R.S.A. § 4456 provides:

   § 4456. *Possession of foreign lobster meat by wholesale dealer*

   The following provisions apply to foreign lobster meat which has been removed from the shell.

   1. *Definition of foreign lobster meat.* "Foreign lobster meat" as used in this section means lobster meat which came from any other state or country.

   2. *Wholesale dealer may possess under certain conditions.* The holder of a wholesale seafood dealer's and processor's license may possess foreign lobster meat which is removed from the shell, subject to the following provisions:

   A. The shipping containers may not be opened until immediately prior to processing the meat.

   B. The meat must be possessed for the purpose of canning or freezing it for resale as processed stews, newburgs, chowders or pies in the retail trade.

   C. The meat may not be resold unless it is so processed.

   D. The tail sections of such meat must not be cut up until immediately before processing, must be of legal length and must not have been removed from lobsters of illegal size.

   E. The dealer who purchases such meat is required to file a monthly statement of shipments received with the commissioner on forms furnished by the commissioner.

has pre-empted the field of regulation of traffic in Canadian lobster meat (see Reciprocal Trade Agreement with Canada, Nov. 15, 1935, Article VII, 49 Stat. 3963; Tariff Act of 1930, as amended 19 U.S.C. § 1351 (1964)), so that Maine is precluded from restricting the importation of lobster meat originating in Canada by the Supremacy Clause (Art. 6, Sec. 2) of the Constitution. Defendant contends that the provisions in question are conservation measures and are legitimate exercises of the police power for the general health, safety and welfare.

It appearing that the challenged statutory provisions had not been construed by the courts of the State of Maine and were capable of a construction which would avoid the federal constitutional issues raised by plaintiff,[4] this Court initially abstained from decision in order that the parties might secure an authoritative construction of the statutes in the Maine courts. See Railroad Comm. of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Plaintiff thereupon instituted an action against the defendant in the Superior Court of Maine for the purpose of obtaining such a construction, expressly reserving the constitutional questions for determination by this Court in the event that the construction given the statutes by the Maine court should still require their decision. See England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). On report to the Supreme Judicial Court of Maine (See M.R.C.P. 72), that court accepted the case, subject to

the reservation of the constitutional questions, and on January 9, 1968 filed its opinion, in which it held that: (1) the defendant's refusal to grant permits for the removal of lobster meat from the shell at places of business outside the State of Maine is permitted, but not required, by Section 4402; and (2) Sections 4402, 4454 and 4456 permit the transportation, possession or sale of foreign lobster meat in the State of Maine *only* for the purpose of processing into stews, newburgs, chowders or pies in the retail trade. Stavis Ipswich Clam Co. v. Green, 236 A.2d 708 (Me.1968). In so ruling, two of the Justices of the Maine court expressed the view that, as so construed, portions of the statutes were "clearly invalid and unenforceable for constitutional reasons." Id. at 712. (Concurring opinion of Webber, J.). However, a majority of the court felt that the limited submission precluded consideration of the federal constitutional issues. Id. at 711.

We agree with plaintiff that these statutes as construed by the Maine court place an unreasonable burden on interstate commerce in violation of the Commerce Clause. We, therefore, find it unnecessary to determine the issues raised under the Equal Protection, Privileges and Immunities and Supremacy Clauses.

It is now clear that the combined effect of Sections 4402, 4454 and 4456 is to exclude from the Maine market, except for the limited purposes permitted by Section 4456, lobster meat which has been removed from the shell without the state. Out-of-state processors are not entitled to permits under Section 4402.

---

4. While the defendant has taken the position that he will not issue permits under Section 4402 to out-of-state processors, the statute itself does not in terms contain any such limitation on his authority. Nor does Section 4456, which is drafted in permissive terms, specifically prohibit the possession of foreign lobster meat for purposes other than those specified therein. If the Maine statutes do in fact contain a general prohibition of the importation of foreign lobster meat, it is evident that they do so only by reason

of Section 4402(4) (which makes it unlawful to ship, transport or possess lobster meat unless removed from the shell under a permit) and Section 4454(1) (which makes it unlawful to possess, ship or transport lobster meat unless the container is labelled with the name and number of the permittee). However, these sections would have the effect of excluding foreign lobster meat only if Section 4402(1) is interpreted to permit the denial of a permit to an out-of-state processor solely because of its location.

Without such permits, they cannot possibly comply with the provisions of Sections 4402 and 4454, which prohibit the possession, shipment or transportation of lobster meat removed from the shell, unless it was removed by a permit holder. As the concurring Justices of the Maine court observed, "[t]he effect, whether intended or not is to create a monopoly of the market for Maine residents." Stavis Ipswich Clam Co. v. Green, supra at 712 (Concurring opinion of Webber, J.).

Such an insulation of the local market from interstate competition is an unreasonable burden on interstate commerce and a violation of the Commerce Clause of the United States Constitution unless the prohibition can be justified as a measure necessary to protect the local health, safety or welfare, and there do not exist reasonable, non-discriminatory alternatives adequate to protect these legitimate local interests. Dean Milk Co. v. Madison, 340 U.S. 349, 71 S.Ct. 295, 95 L.Ed. 329 (1951); State of Minnesota v. Barber, 136 U.S. 313, 10 S.Ct. 862, 34 L.Ed. 455 (1890); Miller v. Williams, 12 F.Supp. 236 (D.Md.1935). See Polar Ice Cream & Creamery Co. v. Andrews, 375 U.S. 361, 84 S.Ct. 378, 11 L. Ed.2d 389 (1964); H. P. Hood & Sons v. Du Mond, 336 U.S. 525, 69 S.Ct. 657, 93 L.Ed. 865 (1949); Baldwin v. G. A. F.

Seelig, 294 U.S. 511, 55 S.Ct. 497, 79 L.Ed. 1032 (1935).[5] In the present case defendant does not claim that the statutory provisions involved do not insulate the local market from the competition of lobster meat removed from the shell outside of Maine, but he does contend that these prohibitions are necessary to the enforcement of the strict Maine lobster conservation laws, enacted for the protection of the lobstery fishery, one of Maine's major food products industries. But this contention is not borne out by the record before the Court. Defendant's argument is that it is impossible to tell by an examination of the lobster meat whether or not it came from lobsters of legal size under Maine law;[6] that inspection of the meat removal operation itself is the only means by which the size of the lobsters from which the meat has been removed can be determined with certainty;[7] and that it is not practical or economically feasible to conduct such inspections of out-of-state concerns, even if it were within the defendant's jurisdiction to do so. Defendant recognizes that Maine has no legitimate concern with the exploitation of the lobster fishery of any other state or country. But he suggests that without the protection of these statutory provisions lobsters illegal in Maine could be caught in Maine waters and bootlegged to New Hamp-

---

5. Although the defendant here has not attempted to support these statutes as necessary for the economic protection of local processors, it is perhaps worth noting that the Supreme Court has repeatedly affirmed "the principle that the State may not promote its own economic advantages by curtailment or burdening of interstate commerce." H. P. Hood & Sons v. Du Mond, supra 336 U.S. at 532, 69 S.Ct. at 662. Accord, Baldwin v. G. A. F. Seelig, supra 294 U.S. at 522, 55 S.Ct. 497; Polar Ice Cream & Creamery Co. v. Andrews, supra 375 U.S. at 374–375, 84 S.Ct. 378.

6. Maine law prescribes both a minimum and a maximum legal length of lobsters. The legal minimum is 3$\frac{3}{16}$ inches, and

the legal maximum is 5 inches, both determined by measuring from the rear of the eye socket to the rear end of the body shell. 12 M.R.S.A. § 4451 (1964). Maine law also makes it unlawful to possess any tail section of lobster meat removed from the shell which is less than 4$\frac{1}{4}$ inches or more than 6$\frac{1}{2}$ inches in length, or to possess any tail section which is not whole and intact. 12 M.R. S.A. § 4455 (1964).

7. However, the defendant testified that it was possible to make an approximate determination of the size of a lobster (within about $\frac{1}{4}$ inch of the legal measure) by an examination of the tail section of the lobster meat.

shire or Massachusetts,[8] there to be converted into meat and shipped back into Maine for sale. Defendant also expresses concern that if foreign lobster meat is permitted in Maine, Maine lobstermen would be tempted to remove meat from lobsters of illegal size in violation of Maine law and sell this illegal meat within Maine. However, he was unable to show that the introduction of foreign lobster meat into the state would substantially encourage Maine fishermen to engage in these illicit operations or that they could not be effectively dealt with by other licensing and enforcement provisions of the Maine Sea and Shore Fisheries laws. See, e. g., 12 M.R.S.A. §§ 4451, 4455, n. 6, supra.

As the Supreme Court stated in Dean Milk Co. v. Madison, supra, "Our issue * * * is whether the discrimination * * * [against interstate commerce] can be justified in view of the character of the local interests and the available methods of protecting them." 340 U.S. at 354, 71 S.Ct. at 298. The discrimination against interstate commerce in this case cannot be so justified. Therefore, this Court is compelled to agree with the concurring justices of the Maine court in Stavis Ipswich Clam Co. v. Green, supra, that "[s]uch an obstruction to interstate commerce is clearly in violation of U.S. Const. Art. I, Sec. 8." 236 A.2d at 712. Specifically, we hold that 12 M.R.S.A. §§ 4402(4) and 4454(1), insofar as these sections prohibit the shipment, transportation or possession of lobster meat removed from the shell without the State of Maine, but otherwise conforming to Maine standards, constitute an unreasonable burden on interstate commerce and are void as contrary to the Commerce Clause of the United States Constitution.

Judgment will be entered for the plaintiff declaring the above sections unconstitutional and void insofar as they prohibit shipment, transportation or possession of lobster meat removed from the

shell without the State of Maine, but otherwise conforming to Maine standards, and enjoining the defendant from enforcing them against the plaintiff.

---

8.  The defendant testified that Maine is the only state prescribing a maximum legal length for lobsters and that although the minimum legal length in Massachusetts is also 3¾₁₆ inches, the New Hampshire minimum is only 3⅛ inches.